104 F.3d 376
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Charles J. JENKINS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 96-3293.
 United States Court of Appeals, Federal Circuit.
 Dec. 9, 1996.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
Jan. 21, 1997.
 
 Before ARCHER, Chief Judge, MICHEL and PLAGER, Circuit Judges.
 MICHEL, Circuit Judge.
 
 
 1
 Charles J. Jenkins ("Jenkins") seeks review of the May 8, 1996 decision of the Merit Systems Protection Board ("the Board") dismissing for lack of jurisdiction Jenkins' appeal alleging that the United States Postal Service ("USPS" or "the agency") failed to pay him for lost wages and back pay. Because Jenkins failed to prove, or even sufficiently allege, facts establishing jurisdiction, the decision of the Board is affirmed.
 
 
 2
 Jenkins was employed as a letter carrier between 1972 and 1979. After suffering an on-the-job injury in 1974 and undergoing knee surgery in 1979, Jenkins was placed on temporary limited duty status. In 1982, he was offered and accepted the permanent limited duty position of modified distribution clerk.[1] In 1986 he was removed from that position for failure to maintain his assigned work schedule. After filing an appeal with the Board and entering into a last chance settlement agreement, he was reinstated to the position of modified distribution clerk. However, Jenkins was again removed in 1987 for absence without leave, failure to maintain his work schedule and tardiness.[2] Jenkins received a disability retirement annuity after his removal. In 1990, the Office of Workers' Compensation Programs accepted his claim for an aggravated underlying emotional illness caused by his employment, dating back to 1980.
 
 
 3
 On February 2, 1996, Jenkins filed an appeal with the MSPB alleging that he "was terminated from a job that was never determined to be suitable and lost substantial wages as a result" and that the agency's refusal to "make the appellant whole" violated the Back Pay Act. He claimed he was due back pay for the period from 1980-1990.
 
 
 4
 The Board notified Jenkins in an Acknowledgment Order that it might not have jurisdiction over his appeal and ordered him to file evidence and argument to prove that the appeal was within the Board's jurisdiction. Jenkins' response argued that "back pay owed to him is based upon improper restoration which caused [him] to suffer substantial lost wages and subsequent removal from his job." In sum, he contended that the modified distribution clerk position was not a suitable position and therefore he was never properly restored. In addition, Jenkins wrote:
 
 
 5
 As a result of the job offer never being determined suitable as required by 5 U.S.C. 8106(c)(2), the appellant was never properly restored to duty and was removed on August 14, 1987, due to a compensable injury or for reasons substantially related to a compensable injury. [See 5 USC 8151 and 5 CFR 353.103(b) ]
 
 
 6
 Jenkins also cited two cases, Roche v. United States Postal Service, 828 F.2d 1555, 1557 (Fed.Cir.1987) ("Roche could appeal the denial of restoration rights if he could show that his removal was the result of a compensable injury or was substantially related to a compensable injury." (footnotes omitted)), and Ruppert v. United States Postal Service, 8 M.S.P.B. 256 (1981), for the proposition that jurisdiction attached if he could demonstrate that his removal was the result of his injury.
 
 
 7
 The Board held that it lacked jurisdiction over Jenkins' appeal. As for the alleged improper restoration, the Board held that it had no jurisdiction because as a partially recovered employee who was returned to a limited duty, he could only appeal the agency's failure to restore him at all and not an allegedly improper restoration. Bearksdale v. United States Postal Serv., 31 M.S.P.R. 305, 306 (1986). The Board also found that Jenkins had not submitted any evidence to show that he had been affected by an adverse action or that the agency failed to inform him of his rights concerning any such adverse action. The Board made no mention of Jenkins' argument regarding whether his removal was due to his injury.
 
 
 8
 Jenkins makes two main arguments here regarding jurisdiction. First, he argues jurisdiction arises because the 1982 job offer had never been determined to be suitable and therefore he was not properly restored to duty. The Board determined there was no merit to this argument, and we agree. See Bearksdale, 31 M.S.P.R. at 306 n.* ("Employees who have only partially recovered from compensable injuries have a limited right of appeal to the Board. They may only appeal the denial of restoration to duty. Since these appellants have not been denied restoration, there is no right of appeal to the Board.").
 
 
 9
 Second, Jenkins argues jurisdiction arises because his 1987 termination was for a cause related to his injury. Initially, we do not accept the agency's argument that Jenkins did not fairly raise this issue before the Board. Although the thrust of Jenkins' argument to the Board was certainly that the 1982 position had not been determined to be suitable, Jenkins also clearly raised the issue of the appropriateness of his removal by stating he was removed in 1987 due to a compensable injury and by citing relevant case law. See Roche, 828 F.2d at 1558 (holding petitioner had sufficiently alleged he was removed due to a compensable injury where petitioner cited relevant statute and regulation, cited and explained relevant cases, and submitted a doctor's report).
 
 
 10
 Merely raising this issue is not sufficient, however, to establish jurisdiction in the Board. Jenkins bore the burden of proving the factual predicate of jurisdiction by a preponderance of the evidence. See Stokes v. Federal Aviation Admin., 761 F.2d 682, 685 (Fed.Cir.1985); 5 C.F.R. § 1201.56(a)(2) (1995). By failing to even assert any facts which, if true, would support his allegation of improper removal, Jenkins failed to meet his burden. Stokes, 761 F.2d at 686 ("A merely conclusory pleading is insufficient."). Thus, this case is unlike Roche, 828 F.2d at 1558, where the appellant both specifically alleged that his termination was due to his injury and submitted a doctor's report to support the allegation that his termination was related to his injury. Moreover, in light of the absence of any factual allegations to support his assertion of improper removal based on his injury, the Board did not err in not granting Jenkins an evidentiary hearing.
 
 
 11
 Jenkins makes several other arguments unrelated to jurisdiction, e.g., the Board erred when it stated he had retired in 1987 and the Board erred in denying Jenkins' motion to compel discovery. We see no merit to any of these arguments. In any event, as they do not bear on the only issue we need review, jurisdiction, we need not decide them.
 
 
 
 [1]
 Jenkins appealed the suitability of this position in 1982, but the appeal was dismissed (Docket No. DA03538210480)
 
 
 [2]
 Jenkins appealed his removal to the Board (Docket No. DA07528710628) and, ultimately, to this court (Docket No. 88-3308)